IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERESA B. DROELLE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 6:04cv28 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on this day for consideration the above-entitled and numbered cause of action. After careful consideration of the *Plaintiff's Brief* (Docket No. 9), *Brief in Support of Commissioner's Decision* (Docket No. 10), the *Plaintiff's Reply Brief* (Docket No. 13), the transcript ("Tr."), and the entire record, the Court is of the opinion that the following order should issue.

**I. PROCEDURAL HISTORY**

The Plaintiff, Teresa B. Droelle (hereinafter "Droelle"), brought this action pursuant to 42 U.S.C. § 405(g) for a judicial review of a final decision of the Commissioner of Social Security (hereinafter "Commissioner") denying her claim for disability insurance benefits (hereinafter "DIB").

Droelle filed an application for DIB under title II of the Social Security Act

(hereinafter "SSA") on April 1, 2002, alleging an inability to work since March 28, 2002, due to back problems. This application was denied by the Commissioner initially and on reconsideration. Pursuant to the Plaintiff's request, an Administrative Law Judge (hereinafter "ALJ") held a hearing *de novo* on April 16, 2003. After reviewing the evidence and hearing testimony, the ALJ determined on August 20, 2003 that the Plaintiff was not disabled and not entitled to disability benefits. *Tr.*, pp. 12-23. This determination was made on the basis that she retained the residual functional capacity ("RFC") to perform the exertional demands of light work. *Tr.*, p. 23, Finding 7. The ALJ further determined that Droelle had the following medically determinable impairment: "lumbar degenerative disc disease, status-post back surgeries with chronic back pain," *Tr.*, p. 22, Finding 3, but that this impairment did not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulation No. 4. *Tr.*, p. 22, Finding 4.

The Plaintiff then appealed the decision of the ALJ to the Appeals Council, and they concluded that no basis existed for review. At this point, the ALJ's decision became the final decision of the Commissioner. Droelle now seeks Judicial review of the ALJ's decision. The appeal is now ripe for consideration.

## II. STANDARD OF REVIEW

In reviewing the decision of the Commissioner, this Court's role is limited to the following issues:

(1) Whether the final decision is supported by substantial evidence; and

    (2)    Whether proper legal standards were used to evaluate the evidence. [1]

42 U.S.C. § 405 (g); *Brown v. Apfel,* 192 F.3d 492 (5th Cir. 1999) (quoting *McQueen v. Apfel,* 168 F.3d 152, 157 n.2 (5th Cir. 1999)); *see also Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir. 1992); *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988).

When applying the "substantial evidence" standard, this Court must scrutinize the record to determine if there is, in fact, such evidence present in the record. *Haywood,* 888 F.2d at 1466. Substantial evidence means more than a mere scintilla, but less than a preponderance. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 228, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

As specifically defined by the Fifth Circuit with regard to social security cases, "substantial evidence" is:

> Such evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a mere suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Haywood*, 888 F.2d at 1466.

---

[1] It should be noted that the Court has carefully and completely reviewed the entire record as required in such cases. *See Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990).

"Disability" is defined as an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that is expected to result in death or last for twelve or more months. *Id.* An individual applying for disability bears the initial burden of proving that he or she is disabled. *Id.* Once this original burden is satisfied, the Commissioner bears the burden of "establishing that the claimant is capable of performing substantial gainful activity and, therefore is not disabled." *Id.* In determining whether or not a claimant is capable of performing substantial gainful activity, the Commissioner utilizes the five-step sequential procedure set out in 20 C.F.R. § 416.920 (b)(f).

The steps are as follows:

(1) An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings, age, education and work experience.

(2) An individual who does not have a "severe impairment" will not be found to be disabled.

(3) An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

(4) If an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made.

(5) If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity will be considered to determine if the individual can perform any other kind of substantial gainful employment according to the Medical-Vocational Guidelines as set forth by the Secretary.

*Id.*; *Brown v. Apfel,* 192 F.3d 492, 498 (5th Cir. 1999) (quoting *Leggett v. Chater,* 67 F.3d 558, 564 n. 2 (5th Cir. 1995)); *see also Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four parts of the inquiry. *Leggett,* 67 F.3d at 564. The burden then shifts to the Commissioner on the fifth prong. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994). This shifting of the burden of proof to the Commissioner is neither statutory nor regulatory, but instead, originates from judicial practices. *See Brown,* 192 F.3d at 498 (citing with approval *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987) ("The shifting of the burden of proof is not statutory, but is a long-standing judicial gloss on the Social Security Act.").

On an appeal from the Commissioner's decision, the Court is not to reweigh the evidence, try the issues *de novo,* or substitute its judgment for that of the Commissioner. *Id.*; *Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir. 1988); *Neal v. Bowen,* 829 F.2d 528, 530 (5th Cir. 1987). Further, "[i]f the [Commissioner's] findings are supported by substantial evidence, they are conclusive and must be affirmed." *Brown,* 192 F.3d 492 (5th Cir. 1999) (quoting *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990)); *see also* 42 U.S.C. § 405(g). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve" *Selders,* 914 F.2d at 617. What we strive for is "[j]udicial review [that is] deferential without being so obsequious as to be meaningless." *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986).

### III. ANALYSIS

The Plaintiff contends that no substantial evidence exists to support the ALJ's

decision with respect to two findings. She alleges that the ALJ summarily decided, without any analysis or discussion of the physical demands of her prior work at a pet store, that her past work demanded no more than light exertion. *See Plaintiff's Brief*, p. 11. She further contends that the ALJ's finding that she retains the RFC for light work is unsupported by substantial medical opinion evidence. *Id*. at 13. The Court will address the Plaintiff's contentions together.

*Residual Functional Capacity*

Despite the Plaintiff's contentions, it is clear that the ALJ properly assessed Droelle's RFC by considering all the relevant evidence, including the opinions of treating, examining and non-examining physicians, as well as Plaintiff's testimony. *Tr*., pp. 17-21. *See* 20 C.F.R. § 404.1545-404.1546. As a result, the ALJ properly determined that the Plaintiff retained the RFC to perform the exertional demands of light work. *Tr*., p. 23, Finding 7. *See* 20 C.F.R. § 404.1567(b).

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If some one can do light work, he or she can also do sedentary work unless there are additional limiting factors such as loss of fine

dexterity or inability to sit for long periods of time. *See* 20 C.F.R. § 404.1567(b).

The ALJ specifically acknowledged that in making the RFC assessment, he must "consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. § 404.1529, and Social Security Ruling (SSR) 96-7p." *Tr.*, p. 20. It is quite clear that the ALJ thoroughly examined the medical evidence, the Plaintiff's disability application, as well as the testimony at the hearing in accordance with the relevant regulations and Social Security Rulings to assess the Plaintiff's subjective complaints. *Tr.*, pp. 17-20. *See* 20 C.F.R. § 404.1529; SSR 96-7p.

Further, the ALJ's finding regarding the Plaintiff's RFC is consistent with the medical notes of the Plaintiff's treating and consultative physicians. The evidence shows that on August 7, 2000, the Plaintiff went to Tom Chow, M.D., with complaints of back and leg pain. *Tr.*, p. 170. Dr. Chow diagnosed Droelle with lumbar radiculopathy and recommended early surgical intervention. *Tr.*, p. 171. In August 2000, Dr. Chow performed back surgery on Plaintiff. *Tr.*, pp. 209-213. In January 2001, Dr. Chow noted that the Plaintiff was still complaining of pain in the lumbar area, but also noted:

> Muscle strength is 5/5 bilaterally. She has tenderness in the right paraspinous region near the incision. With Straight leg raise, she has pain the right gluteal and calf areas, however, the pain skips the thigh. Most of her tenderness is 4 cm to the right of the incision site. In addition her muscle strength is normal bilaterally.

*Tr.*, p. 168. Dr. Chow recommended that the Plaintiff take anti-inflammatory medications.

*Tr.*, p. 168. The Plaintiff continued to complain of back pain and was subsequently treated with epidural injections. *Tr.*, pp. 145, 153-156, 157-160. On April 18, 2002, after not responding to treatment, Dr. Chow recommended to Plaintiff that she undergo a lumbar fusion. *Tr.*, p. 162.

On May 6, 2003, Theodore L. Slade, M.D., and O.J. Chastain, M.D., performed a lumbar fusion on the Plaintiff. *Tr.*, pp. 224-228. Dr. Slade documented the Plaintiff's progress after her lumbar fusion:

> Postoperatively, the patient did not have any real lower back pain and, in fact, maintained that through the second postoperative day. The patient was up and ambulating about .... The patient had nausea on the operative day and a little bit on the first postoperative day; subsequently by the second day, the patient was doing fine....
>
> The patient was subsequently walking extensively.... The patient desired to go home.

*Tr.*, p. 222. On May 15, 2003, Dr. Slade noted that the Plaintiff "indicate[d] that overall her back [wa]s feeling tremendously better than what it had been. She is not having any leg symptoms. She is tolerating the LSO brace with hip Spica rather well." *Tr.*, p. 230. The Court agrees that Dr. Slade's medical notes suggests that the Plaintiff's back complaints were remedied with surgery. It is important to note that a medical condition that can be remedied by surgery or medication is not disabling. *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

In July 2001, almost two years prior to the lumbar fusion, Jerry C. Gullion, M.D., a

consultative physician, performed a physical examination on the Plaintiff. *Tr.*, pp. 184-186. Dr. Gullion noted that the Plaintiff was cooperative and in no acute distress; that she did not walk with a limp; that she had no trouble getting in and out of the chair; that she needed help sitting up on the table because of back pain; and that her grip was good bilaterally. *Tr.*, p. 185. Dr. Gullion also noted that the Plaintiff's pulses were excellent in the feet; that no evidence existed showing that the Plaintiff had localized muscular attenuation; that active straight leg raising on the left was 100 degrees; that she could bend over, touch her toes, and do knee bends; and that the Plaintiff could tandem walk without any problem. *Tr.*, pp. 185-186. Lastly, Dr. Gullion noted that the Plaintiff's primary functional problem was an inability to read or write because of dyslexia. *Tr.*, p. 186.

The record also shows that George L. John, M.D., a State Agency physician, issued RFC assessments in September 2002. *Tr.*, pp. 187-194. Dr. John opined that the Plaintiff had the RFC to lift or carry 20 pounds occasionally and 10 pounds frequently; that she could stand or walk for about 6 hours in an 8-hour workday; that she could sit for less than about 6 hours in an 8-hour workday; that she had unlimited pushing or pulling limitations; and that she did not have any manipulative, visual or communicative limitations. *Tr.*, pp. 188-191. Dr. John further opined that the Plaintiff was limited to occasional climbing, balancing, stooping, kneeling, crouching and crawling. *Tr.*, p. 189.

Social Security Ruling 96-6p explains the role that State medical consultants play in the disability evaluation process. "State agency medical and psychological consultants are

highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." *Id*. The consultants "consider the medical evidence in disability cases and make findings of fact on the medical issues, including, but not limited to, the existence and severity of an individual's impairment(s), [and] the existence and severity of an individual's symptoms ...." *Id*. Since they are considered experts in the Social Security disability programs, the regulations require the ALJ to consider their findings of fact about the nature and severity of an individual's impairments as opinions of non-examining physicians and psychologists. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1527(f).

Not all pain is severe enough to create a disabling condition. *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988). An individual's own statements regarding pain and symptoms are not determinative of disability status. *See* 20 C.F.R. §§ 404.1528(a) and 404.1529. The Court pauses to point out that it is well settled that "how much pain is disabling" is a question for the ALJ since the ALJ has the primary responsibility for resolving conflicts in the evidence. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991) (citing *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981). The ALJ's decision on severity [of pain] is entitled to great deference. *Hollis*, 837 F.2d at 1384. During the administrative hearing, the Plaintiff testified that her activities of daily living were rather limited. *Tr.*, pp. 253-255. Consistent with the Plaintiff's testimony, the ALJ found that Droelle had significant functional limitations and reduced her RFC to light work. *Tr.*, p. 23, Finding 7.

After assessing the Plaintiff's RFC, the ALJ then noted that Droelle had past relevant work as a retails sales manager and design drafter for a sign company. *Tr.*, p. 22. The Plaintiff's past relevant work, as described in Plaintiff's disability application, required lifting no more than ten pounds occasionally and ten pounds frequently; and required ".5" hours walking, standing, sitting, climbing, stooping, kneeling, crouching, crawling, and handling. *Tr.*, p. 89. The Plaintiff's application also stated that she supervised 2 or 3 people, and that most of her time was spent supervising people. *Tr.*, p. 89.

The ALJ then noted that SSR 82-61 provides that an individual will be found "not disabled" when it is determined that he or she retains the RFC to perform the actual functional demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Tr.*, p. 22. Here, the ALJ found that the Plaintiff's past relevant work as a pet store manager did not require the performance of work-related activities precluded by her RFC. *Tr.*, p. 23, Finding 8.

Since the ALJ found that the Plaintiff was able to perform her past relevant work, the ALJ was not required to proceed to step five to find whether a significant number of jobs existed in the national economy that Plaintiff could perform. The claimant has the burden of proving inability to do past work. *Hollis*, 837 F.2d at 1386. It is clear to the Court that the Plaintiff has not met her burden of proving that she is not able to perform her past relevant work.

The determination of an individual's RFC, whether an individual's RFC prevents her from doing past relevant work, and the ultimate question of whether an individual is "disabled" under the Act are issues reserved to the Commissioner pursuant to SSR 96-5p and 20 C.F.R. § 404.1527. *Tamez v. Sullivan*, 888 F.2d 334, 336 n.1 (5th Cir. 1989). The ALJ's RFC assessment is consistent with the evidence of record and constitutes an appropriate resolution of any conflicts in the evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987) (it is the task of the ALJ to resolve conflicts in the evidence). As a result, the ALJ's decision will be affirmed.

## IV. CONCLUSION

In light of the Court's extensive review of the record in this case, the Court finds that the record is replete with substantial evidence that supports the ALJ's findings. As such, the ALJ's findings and the decision of the Commissioner must be affirmed.

It is therefore

> **ORDERED** that the ALJ's August 20, 2003 decision that Plaintiff Droelle is not disabled or entitled to disability insurance benefits under the Social Security Act is hereby **AFFIRMED.**

It is further

> **ORDERED** that any other relief not herein expressly granted is hereby **DENIED**.

It is further

> **ORDERED** that this case is **CLOSED.**

**SIGNED this 13th day of May, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE